

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 4, 1965

Mr. Walter W. Broemer
Superintendent
Alabama-Coushatta Indian
  Reservation
Livingston, Texas

Opinion No. C-520

Re: Whether the Texas Commis-
    sion for Indian Affairs
    can authorize the Alabama
    and Coushatta Indian Tri-
    bal Council to negotiate
    and enter into contracts
    executing long term lease
    agreements with the Public
    Housing Administration.

Dear Mr. Broemer:

        Your letter of September 8, 1965, requesting an opinion
of this office, reads as follows:

        "The Alabama-Coushatta Indian Tribal Council
    has made application for a Public Housing Project
    on the Reservation.  Attached is a copy of a
    letter from Public Housing Administration.  The
    project would be developed on State Trust Land.

        "The Texas Commission for Indian Affairs
    requests the opinion of your office on the
    following questions:

        "(1)  Is the Texas Commission for Indian
    Affairs authorized under House Bill No. 1096,
    59th Texas Legislature, to establish a Public
    Housing Agency within the meaning of Section
    1402 (11) of Title 42, U.S. Code.

        "(2)  Can the Texas Commission for Indian
    Affairs authorize the Alabama and Coushatta
    Indian Tribal Council to negotiate and enter
    into contracts executing long term lease
    agreements with the Public Housing Adminis-
    tration."

Section 1402 (11) of Title 42, United States Code Annotated, provides:

"(11) The term 'public housing agency' means any State, county municipality, or other governmental entity or public body (excluding the Administration), which is authorized to engage in the development or administration of low-rent housing or slum clearance. The Administration shall enter into contracts for financial assistance with a State or State agency where such State or State agency makes application for such assistance for an eligible project which, under the applicable laws of the State, is to be developed and administered by such State or State agency."

House Bill 1096, Acts 59th Leg. 1965, ch. 279, p. 552, which creates the Commission for Indian Affairs, provides as follows in Section 12:

"Sec. 12. The Commission may negotiate with any agency of the United States in order to obtain grants to assist in the development of the Reservation."

In answer to your first question, it is our opinion that the Texas Commission for Indian Affairs is a "public housing agency" within the provisions of Section 1402 (11) of Title 42, U.S.C.A. As Section 12 of House Bill 1096 specifically authorizes the Commission to negotiate for the purpose of obtaining grants for development of the Alabama-Coushatta Reservation, the Commission is thereby within the definition of a "public housing agency" in Section 1402 (11) of Title 42. Also, Section 1402 (11), Title 42 provides that the United States government may contract directly with the Texas Commission for Indian Affairs in contracts for financial assistance as the Commission's primary responsibility is the development of the human and economic resources of the Alabama-Coushatta Indian Reservation.

Section 8 of House Bill 1096 provides:

"Sec. 8. All powers, duties, and functions with respect to the supervision, management, and control of the Alabama-Coushatta Indian Reservation, previously vested in the Board of Texas State Hospitals and Special Schools, and all appropriated balances, property, personnel, and

records used by the Board in conjunction with
such powers, duties, and functions are transferred
to the Commission for Indian Affairs."

Section 2 of Article 3174b provides in part:

". . .Effective September 1, 1949, the
control and management of, and all rights,
privileges, powers, and duties incident thereto
including building, design and construction of
the Texas State Hospitals and Special Schools
which are now vested in, and exercised by the
State Board of Control shall be transferred
to, vested in, and exercised by the Board for
Texas State Hospitals and Special Schools.
. . ."

The control and management of the affairs and property
of eleemosynary institutions established by law are vested in
the Board for Texas State Hospitals and Special Schools.  29 Tex.
Jur.2d 664, § 4.  Institutions governed by the Board may adopt
necessary rules and regulations to improve efficiency and standards
necessary in the operation of the institution.  Harris v. Thomas,
217 S.W. 1068 (Tex.Civ.App. 1920).  Control and management of
building construction on the Alabama-Coushatta Reservation was
vested in the State Board of Hospitals and Special Schools by
virtue of Section 2 of Article 3174b.  Section 8 of House Bill
1096 transfers control and management of building construction
to the Commission for Indian Affairs.  It is our opinion that
the power to execute long term leases for public housing develop-
ment of the Alabama-Coushatta Reservation is vested in the Com-
mission for Indian Affairs and may not be delegated to the Alabama-
Coushatta Tribal Council.  However, the lands and all tribal assets
are the property of the Alabama-Coushatta Tribes, and any disposi-
tion of these assets is subject to the approval of a majority of
the Indians.  (Attorney General's Opinions WW-327 and WW-43).
Therefore, the Commission for Indian Affairs may not execute long
term leases with the Public Housing Administration for public
housing on tribal land without the approval of a majority of the
Indians.

## S U M M A R Y

The Commission for Indian Affairs constitutes
a "public housing agency" within the provisions of
Section 1402 (11) of Title 42, U.S.C.A.

The Commission for Indian Affairs cannot au-
thorize the Alabama-Coushatta Tribal Council to

execute long term lease contracts with the Public Housing Administration; however, such long term lease of tribal lands may be executed by the Commission for Indian Affairs, subject to the approval of a majority of the Indians.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Gordon Houser*

Gordon Houser
Assistant

QH:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
David Longoria
Roger Tyler
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright